UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARY LYNN SMITH, | ) | CASE NO. 4:11cv1468 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| ROBERT L. FARLEY, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

On July 18, 2011, Petitioner *pro se* Gary Lynn Smith filed the above-captioned habeas corpus action under 28 U.S.C. § 2241. Petitioner challenges his conviction in the United States District Court for the Southern District of Ohio, on the ground that the trial court lacked territorial and subject matter jurisdiction. For the reasons stated below, the Petition is denied and this action is dismissed.

Habeas corpus petitions brought pursuant to 28 U.S.C. § 2241 address the execution of a sentence, while motions filed pursuant to 28 U.S.C. § 2255 test the validity of a judgment and sentence. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). By enacting § 2255, Congress essentially superseded the traditional habeas corpus remedy for federal prisoners. Larry W. Yackle, Postconviction Remedies, § 31 (1981). Section 2255 provides in pertinent part:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied

>him relief, unless it also appears that the remedy by motion is inadequate
>or ineffective to test the legality of his detention.

28 U.S.C. § 2255. The terms "inadequate" or "ineffective" do not mean that habeas corpus relief is available whenever a federal prisoner faces a substantive or procedural barrier to § 2255 relief such as the Antiterrorism and Effective Death Penalty Act of 1996, *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997), or denial of a previously filed § 2255 motion. *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979). Rather, habeas corpus remains available when the failure to allow some form of collateral review would raise serious questions as to § 2255's constitutionality. *Triestman*, 124 F.3d at 377. The petitioner bears the burden of proving that the § 2255 remedy is inadequate or ineffective. James S. Liebman, Randy Hertz, Federal Habeas Corpus Practice and Procedure § 41.2b at 1188 (2d ed. 1994) (citing *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

Smith asserts the trial court lacked jurisdiction because "the property of the Bob Evans restaurant in Dayton, Ohio, where his crime was committed was not federally owned land purchased by the consent of the Legislature of Ohio within the meaning of Article I, § 8, Clause 17." (ECF No. 1, pp. 4-5). This Court is not aware, however, of any statutory or constitutional provision dictating that federal drug offenses may only be committed on federally owned property. Further, as Smith clearly challenges his conviction and the imposition of his sentence rather than its execution, and as there is no reasonable suggestion that the § 2255 remedy is "inadequate" or "ineffective," habeas corpus relief under 28 U.S.C. § 2241 is unavailable in any event.

For the foregoing reasons, the Petition is denied and this action is

dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: September 19, 2011

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**